HUBBART, Judge
(dissenting).
I must respectfully dissent. I would deny the motion for rehearing on the search and seizure issue and adhere to the original opinion of the court as correctly stating and applying the established law herein. I would, however, grant the motion for rehearing on the sentencing issue and delete all references to said issue from the original opinion, including section III thereof; the defendant withdrew this issue from our consideration in his reply brief, after having previously raised it in his main brief, and we inadvertently overlooked that waiver. I also agree with the court’s decision to certify the search and seizure issue herein to the Florida Supreme Court. Beyond that, I would add only one additional point not heretofore discussed.
Judge Hendry’s dissent, now the court’s opinion herein, appears to rest its result, at least in part, on “the inherent potential for violent [police-citizen] confrontation” [p. 1033] if the contrary but prevailing law on this subject is adopted, as expressed in this court’s original opinion. Indeed, Judge Hendry identifies this perceived violent potential as his “primary concern” [p. 1033] in this case, a concern shared as well by Judge Ferguson in his original concurring opinion herein [p. 1033]. It is urged that the average homeowner would reject a police officer’s “verbal declaration of the existence of a warrant which may later arrive” as apparently not worthy of belief even after a proper display of police credentials [p. 1033]; it is further urged that the homeowner would, in all likelihood, kill the officer or use other means of violent self help “under the mistaken impression that the homeowner was protecting his family and his home against intruders.” [p. 1033], It is with some regret that I find myself unable to agree with these stated concerns of my distinguished colleagues.
First, I see no basis for believing that homeowners would react in the violent manner suggested by Judge Hendry. We are, after all, a law-abiding people who, by and large, respect the symbols of authority in our society, including police officers. I think, without question, that the average law-abiding person would without fuss admit such an officer, properly identified, to the citizen’s home [or at least not resort to violent self help] when, as here, the officer explains that a search warrant has been issued for the home and will arrive shortly thereafter. Indeed, the homeowner would have no basis for believing otherwise and utterly no grounds for concluding that the officer was a criminal intruder. True, as Judge Hendry contends, the homeowner has every right to a copy of the subject search warrant, but surely it is perfectly *1036 reasonable to supply that copy, as here, shortly after the initial police entry as the prevailing law authorizes. We engage in flights of fancy, I think, if we believe that this perfectly sensible procedure will ignite normal, law-abiding citizens to take up arms in defense of their respective dwellings.
Second, there is no evidence, to my knowledge, that such violent police-citizen confrontations have occurred in those jurisdictions which have adopted the prevailing law on this subject throughout the country. This is hardly surprising as the prevailing law here is both sensible and fair. There is every reason to believe, in my view, that our experience in Florida would be no different. Indeed, we in this state have long recognized, without dire consequences, the authority of police officers to make non-consensual entries onto private premises, without any warrant at all, in order to effect a felony arrest therein, see e.g., Benefield v. State, 160 So.2d 706 (Fla.1964); § 901.19(1), Fla.Stat. (1981); although that law has recently been changed, it still appears viable where exigent circumstances are shown. Steagald v. United States, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981); Payton v. New York, 445 U.S. 573,100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); see also Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). Surely, we can expect a similar experience when, as here, a previously issued search warrant is in fact served upon the homeowner shortly after a non-conseqsual police entry.
Third, and more to the point, I see nothing to recommend a rule of law which seems to be based, even in part, on a fear of lawless violence if not accepted. We cannot, it seems to me, cave in to the few lawless individuals in our midst who might irrationally act in the manner suggested by Judge Hendry. Ours is a government of laws and not of men; our laws must be shaped by the principles of fairness and reason and not by fears, real or imagined, of irrational violence.
I think the established law on this subject is eminently sound; I would adhere to it as the law of this state.